IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SIXTO RODRÍGUEZ RÍOS et al.,

Plaintiffs

v.

PUERTO RICO PORTS AUTHORITY et al.,

Defendants

CIVIL 04-1506 (JA)

ORDER

Plaintiffs have moved to strike affirmative defenses, or what appear to be affirmative defenses from the answer to the complaint. (Docket No. 16.) Twenty-six items are listed under the title "Affirmative Defenses." Plaintiffs allege that the vast majority of these statements have nothing to do with affirmative defenses. Defendants responded to the motion to strike on October 10, 2004. (Docket No. 19.)

In a responsive pleading, a party must set forth affirmatively all the defenses enumerated in Federal Rule of Civil Procedure 8(c), and "any other matter constituting an avoidance or affirmative defense." 2 Moore's Federal Practice - Civil § 8.07 (3d ed. 2005). Although "an affirmative defense may be raised in a pre-answer motion, there is authority for the proposition that the defense may not be raised in a post-answer motion unless the defense was first pleaded in the answer." See id. § 8.07[2]; Mintatos v. Municipality of San Juan, 322 F. Supp. 2d 142, 146 (D.P.R. 2004). In general, affirmative defenses must be pled or they will generally be deemed waived and excluded from the case. Jewelers Mut. Ins. Co. v. N. Barquet, Inc., 410 F.3d 2, 10 (1st Cir. 2005); Honey Dew Assoc., Inc. v. M & K Food Corp., 241 F.3d 23, 26 (1st Cir. 2001). However, a plaintiff generally is not required to negate an affirmative defense unless and until the defendant has placed

CIVIL 04-1506 (JA) 2

it in issue. <u>Oakes v. United States</u>, 400 F.3d 92, 97 (1st Cir. 2005); <u>see, e.g.</u>, <u>Gómez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>also see</u> <u>Álvarez v. Delta Airlines, Inc.</u>, 319 F. Supp. 2d 240, 248 (D.P.R. 2004).

Because of the nature of the motion, I need to address each affirmative defense or purported affirmative defense which plaintiffs attack, which are numbered 1 and/or 3, 10, 11, 12, 13, 15, 18, 19, 23, 24, and 25, that is twelve out of twenty-six, as well as attacked more quickly, numbered 2, 4, 6, 7, 8, 9, 16, 17, 20, 21, and 22. I address the first grouping of defenses ad seriatim. The numbered defenses in the last group are stricken as redundant.

¶ 1    The allegations in the complaint fail to state a claim upon which relief can be granted in favor of plaintiff and against the appearing defendants under any federal or state law.

¶ 3    Plaintiffs lack an actionable cause against defendants.

Plaintiffs object to these two paragraphs based upon redundancy. However, affirmative defenses one and three are not even facially tautological and are rather variations of the traditional Rule 12(b)(6) defense which is sometimes placed in a responsive pleading as an affirmative defense and an avoidance under Rule 8(c), Federal Rules of Civil Procedure. The motion to consolidate ¶ 1 and ¶ 3 is therefore denied.

¶ 10    Plaintiffs failed to mitigate their alleged damages.

The motion to strike this affirmative defense is denied since failure to mitigate is generally an affirmative defense under federal procedural law. See <u>Seahorse Marine Supplies, Inc. v. Puerto Rico Sun Oil Company</u>, 295 F.3d 68 (1st Cir. 2002); <u>Conjugal P'ship comprised by Joseph Jones & Verneta G. Jones d/b/a Stenotype Sys.</u>

CIVIL 04-1506 (JA) 3

<u>v. Conjugal P'ship Comprised of Arthur Pineda & Toni Pineda</u>, 22 F.3d 391 (1st Cir. 1994).

¶ 11   Plaintiff's damages, if any, are not existent, exaggerated and or self-inflicted.

This is a confusing statement. For example, "damages, if any, are non-existent..." is a nonsequitur. In any event, this affirmative defense belongs in the answer to the complaint as a denial. Indeed, the defense has denied the relevant allegations of the complaint in paragraphs 39, 40 and 50 of the answer to the complaint. This affirmative defense is stricken as redundant.

¶ 12   The remedies requested by plaintiffs are exaggerated, speculative, unsupported by the allegations, and do not proceed as a matter of law.

This supposed affirmative defense is covered by other statements, such as ¶ 1 and ¶ 3. The motion to strike is granted in relation to this statement as duplicitous.

¶ 13   Plaintiffs' claims are frivolous and without merit. Thus defendant should be awarded attorney's fees.

This supposed affirmative defense is also covered in part by other statements, such as ¶ 1 and ¶ 3. The issue of fee-shifting need not be preserved at this stage since the record is bare of obvious frivolity and at very least plaintiffs have a colorable cause of action. The motion to strike is therefore granted in relation to this statement.

¶ 15   At all times pertinent to this complaint, defendants acted according to the law and applicable regulations, and acted in good faith in the performance of their duties and responsibilities.

This statement is an avoidance and falls within the ambit of Rule 8(c), Federal Rules of Civil Procedure. The motion to strike this affirmative defense is denied.

CIVIL 04-1506 (JA) 4

¶ 18   Plaintiffs caused or contributed to the alleged injuries, they incurred in comparative negligence. All of plaintiffs' damages, if any, should be reduced in direct proportion to their negligence.

This defense is a variation of the affirmative defense listed in Rule 8(c), Federal Rules of Civil Procedure, which reflects Puerto Rico substantive law of comparative negligence, see 31 P.R. Laws Ann. § 5141, while the facts if proven may not ultimately allow for a finding of comparative negligence. The motion to strike is thus denied in relation to this statement.

¶ 19   Plaintiffs have failed to exhaust all the administrative remedies before filing the complaint. Therefore, the statute of limitations has run for this cause of action.

Although there may not have been a requirement to exhaust administrative remedies, and the defense would thus be rendered irrelevant, this defense is a variation of the affirmative defense of pleading the statute of limitations listed in Rule 8(c), Federal Rules of Civil Procedure. The motion to strike is therefore denied in relation to this affirmative defense.

¶ 23   The court should decline the exercise of supplemental jurisdiction for causes of action under state laws.

This is not a recognizable affirmative defense since if there is a colorable federal cause of action, it is routine to file supplemental pleadings based upon state law. See 28 U.S.C. § 1367(a). Therefore, the motion to strike this affirmative defense is granted.

¶ 24   Plaintiffs have no right to recover the attorney's fees claimed.

This statement is not an affirmative defense since it does not defeat plaintiff's claim if accepted as true, and is not an avoidance. Rather the claim only ripens if

CIVIL 04-1506 (JA)                                5

plaintiff is the prevailing party, and if such were to happen, would be a clearly erroneous statement. Therefore, the motion to strike this affirmative defense is granted.

¶ 25   Plaintiffs are not entitled to jury trial.

This statement does not defeat plaintiff's claim even if accepted, is not an avoidance, and is therefore not an affirmative defense. The motion to strike this alleged affirmative defense is therefore granted.

In relation to the affirmative defenses numbered at the end of the motion to strike, but which are not for the most part otherwise mentioned in the memorandum in support, the motion to strike is granted. Thus, ¶¶2, 4, 6, 7, 8, 9, 16, 17, 20, 21, and 22 are stricken as affirmative defenses due to their being redundant.

In San Juan, Puerto Rico, this 18th day of July, 2005.

                                        S/ JUSTO ARENAS
                              Chief United States Magistrate Judge